SEIDL, J.[1]
¶1 Timothy Curtis appeals a judgment of conviction, entered upon his no-contest plea, to second-offense operating a motor vehicle while intoxicated (OWI). Curtis asserts that he was arrested without probable cause, and, therefore, the circuit court erred by denying his motion to suppress evidence obtained after his arrest. We disagree and affirm.
BACKGROUND
¶2 At the hearing on Curtis's motion to suppress, City of Superior police officer Bradley Esler testified that he and four other officers, one of whom was sergeant Adam Poskozim, had been dispatched to the scene of an apparent vehicular hit-and-run crash. When Esler arrived at the scene, he spoke with two witnesses. One witness saw a gray truck strike a parked vehicle, strike a tree, and then come to rest on top of a snowbank with a sign underneath the truck. The second witness saw the truck on top of the snowbank and the truck's driver leaving the vehicle. After speaking with the witnesses, Esler traveled less than one block to where Poskozim was questioning a suspect whom Poskozim believed had been involved in the hit-and-run because the suspect had come from the incident's direction. That suspect, later identified as Curtis, was the same individual the two witnesses saw "get out of the truck after driving it."
¶3 Esler's interaction with Curtis lasted no more than one minute. Esler, an officer with twenty-three years' experience and 200 to 300 interactions with individuals suspected of OWI, testified that Curtis was uncooperative during their interaction, had red eyes, "smelled of an intoxicating beverage," and was slurring his speech. The officers also observed that Curtis had blood "on his person." Esler placed Curtis under arrest, but Esler did so without administering a preliminary breath test or field sobriety tests to Curtis. After the arrest, Poskozim identified Curtis by using his driver's license, but only after Curtis initially provided Poskozim with his credit card when Poskozim requested his driver's license. Curtis was then taken to a hospital for a blood draw.
¶4 The circuit court denied Curtis's suppression motion. Before issuing its decision, the court asked Esler why he decided not to administer field sobriety tests. Esler replied:
I had information he had been driving from two witnesses. He told me he wasn't driving; he clearly had been drinking; he had indications that he had been in an accident; the truck was up on a snowbank; there had been an accident with a Buick; he was lying to me, quite clearly; and that's why I didn't offer field sobriety [tests] to him. It's ... unnecessary to have field sobriety [tests] as evidence when there's been a crash. If I felt that I could have asked for it and received it, I would have asked for it.
The court then concluded that Esler had probable cause to arrest Curtis based on the two witnesses identifying him as the driver of the crashed truck, Esler's observations of Curtis, and Curtis's walking away from the scene of the hit-and-run with blood on his person. The court also found Curtis's mistakenly handing his credit card as identification to Poskozim as "interesting." Curtis was convicted of second-offense OWI after his no-contest plea, and he now appeals his judgment of conviction.
DISCUSSION
¶5 The sole issue on appeal is whether Esler had probable cause to arrest Curtis for OWI. Whether an arrest is supported by probable cause is a question of constitutional fact. See State v. Kennedy , 2014 WI 132, ¶16, 359 Wis. 2d 454, 856 N.W.2d 834. We use a two-step standard of review when addressing questions of constitutional fact: we will accept the circuit court's findings of fact unless they are clearly erroneous, but we review independently the application of those facts to constitutional principles. See id.
¶6 A warrantless arrest is not constitutionally justified unless an officer has probable cause. State v. Lange , 2009 WI 49, ¶19, 317 Wis. 2d 383, 766 N.W.2d 551. Probable cause requires officers to have sufficient knowledge at the time of the arrest that would lead them to reasonably believe that the defendant "probably committed or was committing a crime." See State v. Young , 2006 WI 98, ¶22, 294 Wis. 2d 1, 717 N.W.2d 729 (citation omitted). Probable cause does not require proof "beyond a reasonable doubt or even that guilt is more likely than not." Id. (citation omitted). Furthermore, probable cause is an objective standard, assessed on a case-by-case basis, based on the totality of the facts and circumstances available to the officers at the time of arrest. See Lange , 317 Wis. 2d 383, ¶20. The burden is on the State to prove that officers had probable cause to arrest. Id.
¶7 We conclude that the totality of the facts and circumstances within Poskozim and Esler's combined knowledge at the time of Curtis's arrest would lead a reasonable officer in Esler's position to believe that Curtis was under the influence of an intoxicant while operating his motor vehicle. Esler had a reasonable belief that Curtis-the then-unidentified person to whom Poskozim was talking less than one block away-had been driving the truck involved in the hit-and-run. Esler was permitted to consider both hearsay information and the collective knowledge of other officers in determining whether probable cause existed. See State v. Wille , 185 Wis. 2d 673, 683, 518 N.W.2d 325 (Ct. App. 1994). At the scene of the incident, Esler learned from the combined information of two witnesses that a truck crashed into a stationary car and a tree, and that its driver fled the scene on foot. Furthermore, he knew that Poskozim had already stopped a suspect who was less than one block from the location of the incident and had come from its direction. The short lapse of time between Esler receiving the witnesses' information, and Poskozim questioning Curtis a short distance from the incident, add to Esler's reasonable belief that Curtis was the driver. Curtis also had blood on his person, and Esler could reasonably infer that blood could have been caused by an injury to Curtis during the hit-and-run.
¶8 Esler could also reasonably conclude that Curtis was under the influence of an intoxicant at the time he was involved in the hit-and-run. Esler observed indicia that provided him a reasonable belief that Curtis was under the influence of an intoxicant. "[F]actors sufficient to support a finding of probable cause have included bloodshot eyes, an odor of intoxicants, and slurred speech, together with a motor vehicle accident or erratic driving." Kennedy , 359 Wis. 2d 454, ¶22 (collecting cases). Esler observed those same indicia here: Curtis had red eyes, smelled of intoxicating beverages, and was slurring his speech. In addition, Curtis had been involved in an incident in which his truck hit a vehicle, hit a tree, and then came to rest on top of a snowbank. We therefore determine that the facts of record supported probable cause to arrest Curtis for OWI.[2]
¶9 Curtis's arguments as to why the foregoing facts and circumstances are insufficient to establish probable cause are unpersuasive. He first attempts to downplay the probative value of Esler's observations of him. Curtis argues that there were "alternative explanations for his behavior"-i.e., his slurred speech, his red eyes, the crashed vehicle, and the blood on his person all could be "easily explained by the trauma of the car accident [he] was presumed to have just experienced." This argument lacks merit, however, because "an officer is not required to draw a reasonable inference that favors innocence when there also is a reasonable inference that favors probable cause." State v. Nieves , 2007 WI App 189, ¶14, 304 Wis. 2d 182, 738 N.W.2d 125. Because probable cause is a "flexible, common [ ] sense standard," it requires only that the facts available to Esler would cause him to reasonably believe that Curtis likely committed an offense. See id. The totality of the facts and circumstances here permits a reasonable conclusion that Curtis had committed an OWI offense.
¶10 Curtis also focuses on facts and circumstances that were absent here, but that existed in other cases in which probable cause was present. However, we assess whether probable cause exists based upon the accumulation of facts and circumstances that actually occurred. See Lange , 317 Wis. 2d 383, ¶39 ("The question of probable cause ... must be assessed on a case-by-case basis looking at the totality of the circumstances."). As explained above, at the time Esler arrested Curtis, Esler had acquired sufficient knowledge that would lead him to reasonably believe that Curtis had committed an OWI offense. See Young , 294 Wis. 2d 1, ¶22.
¶11 Relatedly, Curtis takes umbrage with the fact that he was arrested without being administered a preliminary breath test or field sobriety tests. He admits that "Wisconsin has no requirement that police must perform field sobriety tests in order to determine whether probable cause exists that a person is operating a vehicle under the influence of alcohol." See Kennedy , 359 Wis. 2d 454, ¶21. Nevertheless, Curtis argues that Esler did not have probable cause to arrest him without the observations that Esler could have obtained from administering a preliminary breath test or field sobriety tests because probable cause to arrest "must be more than simply appearing intoxicated near an accident."
¶12 Curtis's argument lacks merit because it is conclusory and, again, belied by the facts in this case. We understand Curtis to argue that Esler only had the requisite "quantum of proof"-"probable cause to believe"-necessary for him to request a preliminary breath test from Curtis, but not the "quantum of proof" required to establish "probable cause to arrest." See County of Jefferson v. Renz , 231 Wis. 2d 293, 316, 603 N.W.2d 541 (1999). This is so, he asserts, because "[i]t is difficult to imagine anything more 'minimal' than simply appearing intoxicated near an accident." Not only is this statement conclusory, but, similar to his other arguments, Curtis also fails to analyze his arrest under the totality of the facts and circumstances. Esler had other facts available to him at the time of Curtis's arrest-such as his involvement in the accident and fleeing the scene, the blood on his person, his proximity to the accident, and two eyewitnesses connecting him to the accident-in addition to Esler's own observations that Curtis appeared intoxicated.
¶13 Finally, Curtis contends his case is factually similar to State v. Anker , 2014 WI App 107, 357 Wis. 2d 565, 855 N.W.2d 483. The arresting officer in Anker had received information from eyewitnesses and police "radio traffic" that Anker was injured, had been running in-and-out of woods nearby, and likely had been involved in an unspecified accident. Id. , ¶¶6-7. Anker, matching the description the officer had been given, had blood on his person and initially started to walk "a little faster" away from the officer when he first saw and made contact with Anker. Id. , ¶8. On appeal from Anker's OWI conviction, the State conceded that the officer lacked probable cause to arrest Anker for OWI if we were to conclude that he had been arrested instead of temporarily detained. Id. , ¶¶2, 13. We concluded the officer arrested Anker and, due to the State's concession, determined the arrest lacked probable cause. Id. , ¶¶13, 16.
¶14 Anker is not instructive. The arresting officer in Anker had fewer material facts available to him at the time of Anker's arrest than Esler did at the time of Curtis's arrest. The officer in Anker did not observe the same indicia of intoxication that Esler did here-that is, slurred speech, red eyes, and a strong odor of an intoxicating beverage. We are also not persuaded that Curtis's arrest less than one block away from the incident is similar to Anker's arrest "nearby" the accident, after Anker had been running throughout a wooded area. See id. , ¶6. We reach this conclusion primarily because the proximity of Anker's arrest in relation to the location of the accident is not specified in the opinion. Finally, we note the decisive issue in Anker was not whether probable cause supported Anker's arrest; the critical question was whether Anker had been temporarily detained or placed under arrest. Id. , ¶15. Anker is therefore inapposite.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

The circuit court, in its probable cause determination, mentioned the fact that Curtis mistakenly handed his credit card to Poskozim. Curtis asserts the court erred in considering this fact because "body cam footage clearly shows [Esler] learned of the mistake after the arrest was made ...." We decline to further address this issue. First, the body camera footage is not in the record on appeal. Second, it does not appear the court relied upon that fact in finding probable cause. Finally, we conclude probable cause existed even without consideration of this fact.